**BOWLES v. MAULE et al.**
**Civ. No. 1335.**

District Court, S. D. Florida, Miami Division.

March 20, 1946.

Edward N. Vaden, Regional Litigation Attorney for OPA, of Atlanta, Ga., and Alfred Kreisler, Enforcement Attorney for OPA, of Miami, Fla., for plaintiff.

Blackwell, Walker & Gray, of Miami, Fla., for defendant.

HOLLAND, District Judge.

The complaint was filed November 26, 1945, seeking an injunction, and treble damages, under the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix § 901 et seq. It is alleged that Maximum Price Regulation No. 188, with amendment No. 53 to order A–1, became effective October 3, 1944, and was in effect until July 30, 1945. It is further alleged that Maximum Price Regulation No. 592, supplanting regulation No. 188, became effective July 30, 1945, and was in effect subsequent thereto. The complaint alleges that the defendants since January 23, 1945, have sold in course of trade or business concrete building blocks at prices in excess of applicable ceiling prices.

By the bill of particulars filed by the plaintiff on January 16, 1946, the time period within which alleged violations have occurred has been reduced to periods, (1) from May 25, 1945, up to and including July 16, 1945, and (2) from July 25, 1945, up to and including August 19, 1945.

A motion for summary judgment was filed by the defendant R. G. Williams for himself and for his codefendants. Said motion was filed prior to the filing of a bill of particulars by the plaintiff. This motion for summary judgment was heard by the Court in chambers on March 11, 1946, the answer of the defendants having been filed in the meantime, to-wit, on January 26, 1946, in which answer the defendants renew their motion for summary judgment.

The material facts disclosed by the record as now made are now summarized in this disposition of said motion for summary judgment, in an endeavor to determine whether there is any genuine issue as to any material fact which should be heard by the Court should the Court deny said motion.

Amendment 53 to order No. A–1, under section 1499.159b of Maximum Price Regulation No. 188, was issued September 28, 1944, and became effective October 3, 1944.

At that time the regulation did not recognize any "grades" of concrete building blocks, but provided only as to various "sizes", the block 8 X 8 X 16 being given the maximum price per block of 9½¢ f.o.b. the Plant, and 11½¢ per block delivered within the Miami area.

Amendment 36 to order A–1 was issued May 18, 1944, and became effective May 19, 1944. A new paragraph (a) (29) was adopted. The purpose of said new paragraph is set forth in language as follows: "On and after May 19, 1944, any manufacturer producing a type or kind of ready-mixed concrete, a size or variety of concrete product, or a precast stone product, which was not sold or offered for sale during March 1942, and for which a maximum price has not been established, shall determine his maximum price for such product or products in accordance with the first applicable method set forth below rather than sections 1499.155 to 1499.158, inclusive, of Maximum Price Regulation No. 188."

Paragraph (i) dealt with the subject matter as follows: "Manufacturer operating a plant producing ready-mixed concrete, concrete products, or precast stone products during the month of March 1942, or prior thereto."

Paragraph (ii) dealt with the subject matter as follows: "Maximum prices for sale by a manufacturer producing new ready-mixed concrete, concrete products, or precast stone products for the first time, or when such products are sold by a new manufacturer."

Sub-paragraph (a) under sub-paragraph (ii) dealt with a manufacturer at a permanent plant, and sub-paragraph (b) at a temporary plant. Sub-paragraph (c) dealt with maximum prices which cannot be determined by a manufacturer under subdivisions (a) and (b).

On March 22, 1945, Alfred Letzler, Chief Counsel, Building Materials Price Branch, Office of Price Administration, Washington, D. C., addressed a letter to National Concrete Masonry Association, 33 West Grand Avenue, Chicago 10, Illinois, replying to a letter from the Executive Secretary of the addressee, which had been sent February 27, 1945. It clearly appears that the building block trade had by this time come to recognize a "Grade–A" and a "Grade–B" concrete block for building purposes, which had different pressure re-

sistance strength. This letter was not a recognition by counsel for the Office of Price Administration of the incorporation of "grades" into the Office of Price Administration regulations in regard to the concrete blocks, but Mr. Letzler, the writer, refers to the fact that the Masonry Association had recently revised its specifications for concrete masonry units.

On May 21, 1945, Maule Industries, defendant, announced to the trade that it had discontinued the manufacture of the old type concrete block formerly produced by it, and that Maule Industries would offer to the building trade a new concrete block which would meet the specifications of the American Society for Testing Materials. It further states that their new product would meet the rigid requirement of the Grade–A product, but it is to be noted that this is not a Grade–A product which had been officially recognized by the Office of Price Administration. The size of an 8 X 8 X 16 block was announced as being 11½¢ per block f.o.b. plant, and 13½¢ per block delivered in the Miami area.

On July 9, 1945, John A. McLeland, Enforcement Attorney, Office of Price Administration, Miami District, addressed a letter to Mr. C. D. King of the Maule Industries, defendant, confirming a telephone conversation, and advising that the sale of the 1,000 pound test 8 X 8 X 16 size concrete block at f.o.b. plant 11½¢ and delivered in the Miami area at 13½¢, was in violation of Office of Price Administration regulations, to which specification of which regulation, reference was made. Mr. McLeland concluded in his letter that Mr. King on behalf of Maule Industries must cease and desist from selling, offering for sale, or delivering concrete blocks in excess of those detailed in the specified regulation. It may be noted that the price prescribed in the regulation to which Mr. McLeland referred was for an 8 X 8 X 16 block, 9½¢ f.o.b. plant per block as a maximum price, and 11½¢ per block as a maximum price delivered within the Miami area.

The motion for summary judgment as originally filed was supported by affidavit to the effect that on June 6, 1945, Maule Industries was in compliance with the Office of Price Administration regulations, with letters, or copies of letters which were under the signature of Chester Bowles, the Administrator of the Office of Price Administration. The fact that these letters attached to the affidavit were to the effect that Maule Industries was in compliance with the Act on and before June 6, 1945, was made a basis for the defendants asking for summary judgment, inasmuch as the complaint which at that time had not been amended, claimed that the violations of the defendants reached back to January 23, 1945. At the time the argument on the motion for summary judgment was heard, the period of alleged violations had been reduced as above stated, first, from May 25, 1945, to July 14, 1945, and for the second period from July 25, 1945, to and including August 19, 1945. While it is true that the violations complained of under the bill of particulars still relate back prior to June 6, 1945, yet the period commencing, according to the bill of particulars, and reaching back to a time prior to June 6, 1945, extended into a period subsequent to June 6, 1945.

The maximum prices announced by Maule Industries for the 8 X 8 X 16 block, I find were adopted by the defendant, Maule Industries, in a good faith attempt on its part to manufacture its new 1,000 pound pressure block in accordance with the provisions of amendment 36 to order A–1. I am of the opinion that the differences between the plaintiff and the defendants in this case very probably grew out of compliance or noncompliance of Maule Industries with the provisions of amendment 36 requiring that Maule Industries report to the Office of Price Administration with a statement showing the method by which the price was determined. The record in this case does not show that Maule Industries fully complied with this amendment. The record is that Maule Industries did openly deal with the Miami office of the Office of Price Administration, and that the Miami office did communicate with the National office in Washington, D. C., and that the Miami office was informed by the Administrator's duly accredited representatives in the Washington office that this amendment 36 was applicable. However, there is no direct showing in the record that Maule Industries did fully comply with the reporting to the Office of Price Administration as required by said amendment 36. I have merely mentioned this incidental fact in the Court's attempt to discover the basis for the differences between the plaintiff and the de-

fendants in this case, but even though Maule Industries may have in fact fully complied with the requirement of amendment 36 in the reporting to the Office of Price Administration, with a statement showing the method by which the price was determined, yet the outstanding fact remains that by this announcement, Maule Industries were adopting a "grading" as had been established in the "Trade" which had not been recognized by an amendment to the regulations of the Office of Price Administration.

In my judgment, and I so find, it was proper that the plaintiff in this suit should file this complaint in order to have Maule Industries' manufacture of said blocks during the prescribed periods judicially determined as being within or without Office of Price Administration regulations, and the prayer of the defendants that summary judgment go for the defendants because of the alleged filing of this complaint as a retaliatory measure will be denied. While I come to this conclusion, and so find, I likewise find on the record that there is no basis either for the issuance of an injunction, or for treble damages. During the period from May 25, 1945, to July 14, 1945, and also from July 25, 1945, up to and including August 18, 1945, there had been no official establishment of "grades" by Office of Price Administration with maximum prices adopted with reference thereto, and while Office of Price Administration regulations provided for a proposed method of production of this character of concrete block, yet the record discloses that the defendant, Maule Industries, was dealing with the subject matter as it was then being treated by those engaged in the "Trade", and particularly by the "Trade Association", yet that method had not been recognized officially by the Office of Price Administration, with an amendment definitely establishing maximum prices with regard to this nationally used product. I find that during the period of time set forth in the bill of particulars that defendant, Maule Industries, was selling its new product, and which according to the record had been ratified and confirmed by the local Miami office of the Office of Price Administration, with approval of the Washington office, and under these circumstances, plaintiff should not be entitled to recover treble damages, nor obtain injunctive relief.